UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MYCHAEL J. GARRETT, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17cv02492 PLC |
| | ) |
| ST. LOUIS COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Mychael J. Garrett, II (registration no. 216034), a pretrial detainee at the St. Louis County Justice Center,[1] seeks leave to proceed without paying the filing fee for this civil action he pursues under 42 U.S.C. Section 1983 [ECF No. 2]. Additionally, this matter is before the Court on review of Plaintiff's *pro se* complaint under 28 U.S.C. Sections 1915(e)(2) and 1915A. For the reasons stated below, the Court finds that Plaintiff does not have sufficient funds to pay the entire filing fee and assesses an initial partial filing fee of $22.90. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing Plaintiff's complaint, the Court directs the Clerk to issue process or cause process to be issued on the complaint.

### Plaintiff's *in forma pauperis* status

The fee required to file a civil action, other than an application for a writ of habeas corpus, in a district court is $350.00. 28 U.S.C. § 1914(a).[2] A plaintiff in a civil action may seek

---

[1] In this proceeding, Plaintiff seeks relief for allegedly excessive or deadly force used by Defendant St. Louis County police officers and allegedly inadequate training in the use of such force by Defendant St. Louis County when Plaintiff was arrested on November 17, 2016. A review of the docket sheet for Plaintiff's most recent state criminal case reveals that he is charged with first degree assault, armed criminal action, and resisting or interfering with an arrest on November 17, 2016. See docket sheet for State v. Garrett, No. 16SL-CR08658-01 (St. Louis Cty Cir. Ct. filed Nov. 18, 2016) (available at https://www.courts.mo.gov/casenet/cases).

[2] Under 28 U.S.C. Section 1914(b), the Clerk of Court must also "collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." Effective December 1, 2016, the Judicial Conference added a $50.00 administrative fee to the $350.00 statutory fee for filing a civil action or proceeding in district court. See Par. 14 of the Judicial Conference Schedule of Fees, District Court Miscellaneous

leave to proceed without paying a filing fee, otherwise known as proceeding *in forma pauperis*. See 28 U.S.C. § 1915. A court has discretion to grant or deny *in forma pauperis* status under Section 1915. Lee v. McDonald's Corp., 231 F.3d 456, 458 (8th Cir. 2000). Importantly, a litigant does not need "to demonstrate absolute destitution" to attain *in forma pauperis* status. Id. at 459.

A district court may authorize the commencement of any civil action without the prepayment of fees by "a person who submits an affidavit that[, in addition to other information,] includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). In addition to filing the affidavit, a

> prisoner seeking to bring a civil action . . . without prepayment of fees . . . [must] submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). Section 1915 defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release or [a] diversionary program." 28 U.S.C. § 1915(h); see also 28 U.S.C. § 1915A(c).

When a prisoner pursues a civil action *in forma pauperis*, the statute requires that "the prisoner . . . pay the full amount of [the] filing fee." 28 U.S.C. § 1915(b)(1). A prisoner's payment of the full filing fee occurs through the court's assessment and collection of an "initial partial filing fee" followed by required "monthly payments." 28 U.S.C. § 1915(b). The initial partial filing fee is "20 percent of the greater of – (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month

---

Fee Schedule (issued in accordance with 28 U.S.C. § 1914) (effective on Dec. 1, 2016) (as reported for 28 U.S.C.A. § 1914 in the 2017 Cum. Ann. Pocket Part for the 2006 bound Vol. of Title 28 U.S.C.A. §§ 1861-1960). The Judicial Conference expressly provided, however, that the additional $50.00 "fee does not apply to applications for a writ of habeas corpus or to persons granted in forma pauperis status under 28 U.S.C. § 1915." Id.

period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).  After the initial partial filing fee is paid, the prisoner is "required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," with the "agency having custody of the prisoner . . . forward[ing] payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fee[ is] paid."  28 U.S.C. § 1915(b)(2).  Section 1915 provides that "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."  28 U.S.C. § 1915(b)(4).

In support of his motion to proceed *in forma pauperis*, Plaintiff submitted an affidavit [ECF No. 2] and a certified copy of his institutional account statement for the period November 2016 until mid-September 2017 [ECF No. 3].  A review of Plaintiff's institutional account for the six months immediately before Plaintiff filed his complaint[3] shows an average monthly deposit of approximately $114.52 and an average monthly balance of approximately $25.00.  Plaintiff has insufficient funds to pay the entire filing fee.  Having reviewed Plaintiff's available financial information, the Court grants Plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $22.90, which is twenty percent of the average monthly deposits reported on Plaintiff's institutional account statement since March 2017.  See 28 U.S.C. § 1915(b)(1)(A).  Having granted Plaintiff *in forma pauperis* status to pursue this lawsuit, the Court must consider whether the complaint should nevertheless be dismissed under 28 U.S.C. Sections 1915(e)(2) and § 1915A(b).

**Standard of review under Sections 1915(e)(2) and 1915A(b)**

---

[3] The Court considers Plaintiff's institutional financial information available only for the six-month period immediately before Plaintiff filed his complaint because Plaintiff is only required to provide a statement of his institutional account for "the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2).

The Court must dismiss a civil complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.[4] 28 U.S.C. §§ 1915(e)(2) and 1915A(b). A complaint is "frivolous" when "it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (addressing what constitutes a frivolous complaint for the predecessor to Section 1915(e)(2), 28 U.S.C. § 1915(d)). A court may dismiss a claim as frivolous if it is "based on an indisputably meritless legal theory," Neitzke, 490 U.S. at 327, or "if the facts alleged are 'clearly baseless,' [which includes] allegations that are 'fanciful,' 'fantastic,' and 'delusional,'" Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations omitted). More specifically, a court may dismiss an *in forma pauperis* complaint as factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," but not "simply because the court finds the plaintiff's [factual] allegations unlikely." Id. at 33. Notably, the requirement for a dismissal based on frivolousness is not the same as a dismissal for failure to state a claim upon which relief can be granted. See Neitzke, 490 U.S. at 331.

A complaint fails to state a claim if it does not plead enough facts to state a claim to relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). When reviewing a complaint for failure to state a claim upon which relief can be granted, the Court accepts the well-pled facts as true and liberally construes the allegations. See Geitz v. Overall, 62 Fed. Appx. 744, 746 (8th Cir. 2003) (unpublished per curiam opinion) (viewing the complaint in a light most favorable to the plaintiff when deciding whether to dismiss the complaint under 28 U.S.C. Section 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted). Although the court must liberally construe a *pro se* complaint, the allegations must provide

---

[4] Section 1915 also requires dismissal of a civil complaint filed *in forma pauperis* "if the court determines that the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Having reviewed Plaintiff's allegations and available financial information, there is no basis to dismiss the complaint at this time (1) as malicious, (2) because Plaintiff seeks monetary relief from a defendant immune from a damages award, or (3) because Plaintiff provided an "allegation of poverty [that] is untrue."

"sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). In giving a *pro se* complaint a "liberal construction," the United States Court of Appeals for the Eighth Circuit instructed, a "district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework" when "the essence of an allegation is discernible." Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015) (internal quotation marks and citation omitted).

More specifically, to state a claim for relief a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." Id. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

**The complaint**

Pursuant to 42 U.S.C. Section 1983 Plaintiff seeks monetary and other relief[5] for Defendants' alleged violation of his civil rights on November 17, 2016. Plaintiff named three defendants: St. Louis County, St. Louis County Police Officer Kyle Embrey, and St. Louis County Police Officer Michael Hooten. Plaintiff sues the individual Defendants in their official and individual capacities.

Plaintiff claims that Defendants Embrey and Hooten violated Plaintiff's federal constitutional rights by using "deadly and excessive force" against him when they fired their

---

[5] Specifically, Plaintiff seeks $1,000,000 in actual damages; $3,000,000 in punitive damages; an "apology letter from [St. Louis County]; and the dropping of the charges against him. Pl.'s Compl. at 8 [ECF No. 1].

police-issued handguns at him eighteen times, striking his body three times with bullets from the officers' firearms. Plaintiff asserts that the bullets hit him in his back, purportedly showing that at the time he was shot he was facing away from Defendant officers and "was not a threat to them." Plaintiff further states that, at the time he was shot by Police Officers Embrey and Hooten, he was "on foot" and in "no way an immediate threat to those around" him. Plaintiff suffered, he alleges, both physical and mental impairment as a result of the shooting. Additionally, Plaintiff alleges that St. Louis County failed to adequately train Officers Embrey and Hooten in subduing Plaintiff without the use of "deadly and excessive force."

## Discussion

To state a claim under Section 1983, a plaintiff must allege a violation of a federal constitutional or statutory right committed under color of state law. Lind v. Midland Funding, L.L.C., 688 F.3d 402, 405 (8th Cir. 2012). For Section 1983 liability, there must be a causal link to and direct responsibility for the alleged deprivation of a federal constitutional or statutory right. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing Rizzo v. Goode, 423 U.S. 362, 370-71 (1976)).

While the "[t]he Fourth Amendment protects citizens from unreasonable . . . seizure[s]" by police officers, police officers "may use some degree of force in effecting a lawful arrest." Krueger v. Fuhr, 991 F.2d 435, 438 (8th Cir. 1993). If a suspect is not threatening anyone and not resisting arrest, it may be unreasonable for an officer "to use more than de minimis force against" the suspect. Shannon v. Koehler, 616 F.3d 855, 862-64 (8th Cir. 2010). A use of deadly force to seize a person may, however, "be reasonable if the use of force was justified." Ransom v. Grisafe, 790 F.3d 804, 811 (8th Cir. 2015) (per curiam), cert denied, 136 S. Ct. 838 (2016).

A governmental entity, such as St. Louis County, may be liable under Section 1983 for a failure to train employees when the failure is deliberately indifferent to the rights of others.

Yellow Horse v. Pennington Cty., 225 F.3d 923, 928 (8th Cir. 2000). To establish liability, a Section 1983 failure to train claim ordinarily requires the demonstration of a pattern of prior similar constitutional violations by untrained employees. Connick v. Thompson, 563 U.S. 51, 62, 63 n.7 (2011). The United States Supreme Court has, however, left open the rare possibility that "the unconstitutional consequences of failing to train could be so patently obvious that a [county] could be liable under § 1983 without proof of a pre-existing pattern of violations." Id. at 64. Such a possibility may exist when armed police officers do not receive training about the "constitutional limitation on the use of deadly force." Id. at 63 (discussing City of Canton, Ohio v. Harris, 489 U.S. 878 (1989)).

Liberally construing the allegations in Plaintiff's complaint, the Court concludes that, at this stage of the proceedings, Plaintiff states a facially plausible Section 1983 claim against Defendants Embrey and Hooten for their allegedly excessive use of force during their arrest of Plaintiff on November 17, 2016, and against Defendant St. Louis County for failure to train officers about the use of excessive force during an arrest. Additionally, Plaintiff's claims are not frivolous because they are not based on an indisputably meritless legal theory or on clearly baseless facts. The Court will issue process on Plaintiff's claims against each Defendant.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $22.90 within thirty (30) days after the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, if Plaintiff fails to pay the initial partial filing fee within thirty (30) days after the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to Defendants St. Louis County, St. Louis County Police Officer Kyle Embrey, and St. Louis County Police Officer Michael Hooten. Each Defendant shall be served by summons.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants St. Louis County, Kyle Embrey and Michael Hooten shall reply to Plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

*Patricia L. Cohen*  
PATRICIA L. COHEN  
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of December, 2017