UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MYCHAEL J. GARRETT, II, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-02492-PLC |
| | ) | |
| | ) | |
| KYLE EMBREY, et al., | ) | |
|     Defendants. | ) | |

**MEMORANDUM AND ORDER**

The matter is before the Court[1] on Defendant Officer Kyle Embrey's, Defendant Officer Michael Hooten's ("Defendant Officers"), and Defendant St. Louis County's Motion for Summary Judgment. Defendant Officers assert that they used reasonable force that did not violate Plaintiff's constitutional rights, and therefore, are entitled to qualified immunity. Defendant County contends that because Defendant Officers did not violate Plaintiff's constitutional rights, Plaintiff's municipal liability claim fails. Defendants further contend that they are entitled to summary judgment because Plaintiff's suit is barred by the conviction arising out of the incident that forms the basis for his suit.

On September 27, 2017, Plaintiff, who appears *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 alleging excessive force against Defendant Officers and failure to train and supervise those officers against Defendant County. Plaintiff asserts that the officers "violated [his] Civil rights as well as my Constitutional rights to life and liberty and due process also to the

---

[1] The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c) [ECF No. 15].

4th, 5th, 6th, 8th, 9th, 14th [sic] amendment by using deadly and excessive force without Cause or Justification to do so" [ECF No. 1]. Plaintiff further claims that Defendant Officers:

> Discharged their department-issued firearms … while I was on foot facing away[,] firing a total of 18 times. Striking me (3) times. . . . At the time they shot I was facing away from the officers and was in no way a threat to them . . . I was on foot and in noway [sic] an im[m]ediate threat to anyone around me or the officers in Question that shot me . . . .

[ECF No. 1].

Defendant Officers and Defendant County filed a motion for summary judgment, contending that no genuine issue of material fact exists and that Defendants are entitled to judgment as a matter of law [ECF No. 19]. Plaintiff responded with a "Motion to [Oppose] Summary Judgment Cause of the Lack of Material Facts" [ECF No. 23]. Defendant filed a reply, which notes that Plaintiff failed to: (1) file a statement of uncontroverted material facts; (2) respond to Defendants' statement of uncontroverted material facts; and (3) show that any genuine issue of material fact exists.

## I.     *Legal Standard*

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Hill v. Walker, 737 F.3d 1209, 1216 (8th Cir. 2013). The movant "bears the initial responsibility of informing the district court of the basis for its motion" and must identify those portions of [the record]…which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The non-movant must then respond by submitting evidentiary materials that set out "specific facts showing that there is a genuine issue for trial." Id. at 324 (marks omitted).

"On a motion for summary judgment, 'facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts.'" Ricci v. DeStefano,

557 U.S. 557, 586 (2009) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007) (marks omitted)). The court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (quoting Reeves v. Sanderson Plumbing Prods., Inc. 530 U.S. 133, 150 (2000)).

The United States District Court for the Eastern District of Missouri's Local Rule 7-4.01(E) states:

> A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.[2]

## II.   *Background*

In support of their motion for summary judgment, Defendant Officers filed a Statement of Undisputed Material Facts [ECF No. 19]. Plaintiff did not file a statement of facts or a response to Defendants' statement of facts that notes "for all disputed facts the paragraph number from movant's listing of facts," as required by this Court's Local Rules. Moreover, Plaintiff's brief includes factual statements that are unsupported by citations to the record. Accordingly, Plaintiff has not met the requirements of Local Rule 7-4.01(E), and he is deemed to have

---

[2] Local rules are intended to obviate the need for district courts to "scour the record looking for factual disputes." Nw. Bank & Trust Co. v. First Illinois Nat'l Bank, 354 F.3d 721, 725 (8th Cir. 2003) cited in Givans v. Mo. Dep't of Mental Health-Bellefontaine, No. 4:07CV00813 ERW, 2009 U.S. Dist. LEXIS 38884, *2-4 (E.D. Mo. May 7, 2009)

3

admitted the facts in Defendants' statement of uncontroverted facts. <u>Deichmann v. Boeing Co.</u>, 36 F. Supp.2d 1166, 1168 (E.D. Mo. 1999) <u>cited in</u> <u>Williams v. Roper</u>, No. 4:13-CV-2440 CAS, 2016 WL 4368097, *3 (E.D. Mo. Aug. 16, 2016); <u>see also</u> <u>Pitts v. City of Cuba</u>, 913 F. Supp. 2d 688, 697-98 (E.D. Mo. 2012) (citing <u>Jones v. United Parcel Serv., Inc.</u>, 461 F.3d 982, 991 (8th Cir. 2006) (concluding that the district court did not abuse its discretion in deeming defendants' statements admitted, as plaintiffs' statement of controverted facts and response to defendants' uncontroverted facts violated local rules)).

The Court finds the facts as follows: In November 2016, Officers Kyle Embrey and Michael Hooten were employed by the St. Louis County Police Department [ECF No. 14]. Their duties included enforcing laws and arresting violators on Metrolink trains and platforms [<u>Id</u>.]. On November 17, 2016, Plaintiff Mychael J. Garrett, II attempted to board a Metrolink train at the Wellston Station in Wellston, Missouri [<u>Id</u>.]. Dwayne Stayton, a Metrolink Security Guard, confronted Plaintiff as he was boarding the train [ECF No. 19]. Plaintiff then shot Security Guard Stayton [in the shoulder] with a .380 semiautomatic pistol at point blank range and attempted to flee the scene [<u>Id</u>.].

Around approximately 2:00 p.m., Officers Hooten and Embrey were riding the eastbound Metrolink train when it pulled into the Wellston Station [<u>Id</u>.]. At the station, Officers Hooten and Embrey heard a shot and exited the train [<u>Id</u>.]. Bystanders identified Plaintiff as the individual who shot Security Guard Stayton [Id.]. Officers Hooten and Embrey pursued Plaintiff, yelling at him to stop [<u>Id</u>.]. In an attempt to escape, Plaintiff unsuccessfully tried to hijack a car [<u>Id</u>.]. When that failed, he continued to run from the officers, heading toward an open business [<u>Id</u>.]. Officers Hooten and Embrey believed Plaintiff was still armed and headed into a crowded area [<u>Id</u>.]. In order to prevent Plaintiff's escape, Officers Hooten and Embrey shot Plaintiff several times [<u>Id</u>.].

Plaintiff fell to the ground and the officers arrested him [Id.]. Defendant Officers located Plaintiff's firearm, a pink and black Ruger LCP, in his coat pocket [Id.].

On January 5, 2017, a St. Louis County grand jury indicted Plaintiff on one count of Assault First Degree, one count of Armed Criminal Action, and one count of Resisting Arrest for a Felony [ECF No. 25-1]. On April 23, 2018, Plaintiff pleaded guilty to all three counts [ECF No. 25-2]. As a part of Plaintiff's plea and sentencing, Plaintiff affirmed with the following statements by the prosecutor regarding his actions:

> [T]o Count 1, assault in the first degree, Plaintiff shot Dwayne Stayton attempting to kill or cause serious physical injury; to Count II, the unclassified felony of armed criminal action, Plaintiff committed assault in the first degree with the use of a deadly weapon; and to Count III, resisting arrest, Plaintiff attempted to escape arrest by fleeing the officers who ordered Plaintiff to stop, but Plaintiff kept running, which created a risk of serious injury or death to other persons because Plaintiff was armed with a loaded pistol and had just shot a security guard.

[ECF 25-2].

### III. *Discussion*

Defendants assert that they are entitled to summary judgment because Plaintiff failed to show a genuine issue of material fact that: (1) Defendant Officers' use of force was unreasonable; and (2) Plaintiff sustained a "constitutional injury." Defendants also assert Plaintiff's conviction bars his lawsuit. Plaintiff responds that several witnesses will testify that Security Guard Stayton instigated their confrontation, refused to let him on the train, punched him in the face, and threatened him with deadly force. Plaintiff further argues that Defendant Officers shot him after he stopped running and had fallen down. Plaintiff contends that Defendant Officers' conduct in firing 18 shots at him, but only hitting him with three, shows that the Defendant County did not properly train or hire its employees. Plaintiff fails to address Defendants' argument that his Section 1983 suit is foreclosed by his conviction.

5

## A. Qualified Immunity

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Pearson v. Callahan, 555 U.S. 223, 231–32 (2009).

In determining whether a defendant is entitled to qualified immunity, courts engage in a two-step analysis. Pearson, 555 U.S. at 232. A court first determines whether a plaintiff's constitutional rights have been violated. Ross v. City of Jackson, Mo, 897 F.3d 916, 920 (8th Cir. 2018). A court next decides "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." Id. While a court is not required to apply the steps sequentially, "it is often beneficial" to do so. Id. If such facts would not amount to a constitutional violation, the inquiry ends. McVay ex rel. Estate of McVay v. Sisters of Mercy Health Sys., 399 F.3d 904, 908 (8th Cir. 2005). "[I]f a reasonable officer might not have known for certain that the conduct was unlawful—then the officer is immune from liability." Ziglar v. Abbasi, 137 S. Ct. 1843, 1867 (2017). "Once the predicate facts are established, the reasonableness of the official's conduct under the circumstances is a question of law." Tlamka v. Serrell, 244 F.3d 628, 632 (8th Cir. 2001) (citation omitted).

The Fourth Amendment requires a court to ask, based on the perspective of a reasonable officer on the scene, "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or

motivation." Ellison v. Lesher, 796 F.3d 910, 916 (8th Cir. 2015) (citing Graham v. Connor, 490 U.S. 386, 397 (1989)). "The use of deadly force is reasonable where an officer has probable cause to believe that a suspect poses a threat of serious physical harm to the officer or others." Id. (quoting Loch v. City of Litchfield, 689 F.3d 961, 965 (8th Cir. 2012)); Wilson v. Koppel, No. 4:15CV00476 AGF, 2018 WL 1251929, *4 (E.D. Mo. Mar. 12, 2018).

Plaintiff concedes that he shot a security guard with a .380 semiautomatic pistol at point blank range and then attempted to flee the scene. Defendant Officers pursued Plaintiff, yelling at him to stop, as Plaintiff unsuccessfully tried to hijack a car. After his failed hijacking attempt, Plaintiff continued to run from the Defendant Officers, heading toward an open business. Defendant Officers believed Plaintiff was still armed and headed into a crowded area and shot Plaintiff several times.

The Court concludes, viewing the facts as admitted by Plaintiff, it would not be possible for a reasonable jury to conclude that Defendant Officers acted objectively unreasonably in shooting Plaintiff. Defendant Officers could have reasonably believed that Plaintiff posed a threat of physical harm to others because he was armed and had already attempted to commit a violent crime in the course of fleeing Defendant Officers. Because the Court has found the officers did not act with excessive force, Plaintiff did not suffer a constitutional injury. Accordingly, Defendant Officers are entitled to summary judgment on the grounds of qualified immunity.[3]

---

[3] Based on the resolution of the qualified immunity issues, the Court declines to reach Defendants' argument that Heck v. Humphrey, 512 U.S. 477 (1994), and its progeny bar Plaintiff's suit.

### B. Municipal Liability

Defendant St. Louis County asserts that it is entitled to summary judgment because Plaintiff failed to show that Defendant Officers caused him to suffer a constitutional injury. Plaintiff does not respond to Defendant's motion. Instead, Plaintiff asserts that "St. Louis County [has] to take credit for not training them the correct way" [ECF No. 23].

To survive summary judgment on a municipal liability claim on a failure to train theory, a plaintiff must show genuine issues of material fact exist regarding whether he sustained a constitutional injury caused by the municipality's policy or custom (including the training of its employees). Pembaur v. City of Cincinnati, 475 U.S. 469, 477 (1986). As the Supreme Court held, "If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point." City of L.A. v. Heller, 475 U.S. 796, 799 (1986).

Plaintiff does not raise a genuine issue of material fact establishing that he sustained a constitutional injury. Because Plaintiff failed to establish that Defendant Officers violated his constitutional rights, Plaintiff cannot establish that St. Louis County violated his rights under 42 U.S.C. § 1983.

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment is granted.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of October, 2018